# SUPREME COURT.

KOHN REINACH agt. LOUIS H. MEYER and others.

*Injunction restraining trustee of mortgage bondholders from carrying into effect an agreement whereby the terms of mortgage as to time and rate of interest were changed — when should be continued pendente lite.*

Where an injunction was granted restraining a trustee of certain mortgage bondholders from carrying into effect an agreement whereby the terms of the mortgage as to time of payment and rate of interest were changed, and since the motion to dissolve the injunction was made an application has been made to another justice for the confirmation of the agreement, and such application has been refused by him, the injunction should be continued.

The objection that the application was made, in an action in which the first mortgage bondholders were not made parties, is of no force. If it would not be equitable to the second mortgage bondholders to confirm the agreement the court ought not to confirm it in any proceeding. The fact is before the court that there are second mortgage bondholders, and also that in an application made, in an action in which they were parties, the court has refused to confirm the agreement. If the agreement is not just and fair to all parties it ought not to be confirmed.

The injunction should be continued when it is clear, from the papers, that if the trustee of one class of bondholders be permitted to carry out the agreement injustice will be done to another class of bondholders.

Where it is a very grave question whether the agreement is valid or not the injunction should be continued *pendente lite.*

*Special Term, December,* 1877.

*Sterling & Walden,* for Smithers.

*T. F. H. Meyer* and *B. Roelker,* for Meyer.

*Blatchford, Seward, Griswold & Da Costa,* for plaintiffs.

Reinach agt. Meyer.

LAWRENCE, J.— I am of opinion that the injunction granted by Mr. justice BRADY should be continued *pendente lite*, for these reasons:

First. Since this motion was first brought before me, an application has been made to another justice for the confirmation of the agreement for the extension of the period for the payment of the first mortgage bonds, and such application has been refused by him after a full and elaborate examination of the subject.

The criticism made upon the recent argument, that the application just referred to was made in an action in which the first mortgage bondholders were not made parties, does not strike me as having any force. If it would not be equitable to the second mortgage bondholders to confirm the agreement, the court ought not to confirm it in any proceeding. The fact is before the court that there are second mortgage bondholders, and the fact is also before the court that in an application made in an action in which they were parties the court has refused to confirm the agreement dated September 30, 1876.

If the agreement is not just and fair to all parties, it ought not to be confirmed.

The expressions contained in the opinion of Mr. justice DANIELS, relative to the first mortgage bondholders, I do not regard as indications that he was of the opinion that, in an application made solely by or in the interest of the first mortgage bondholders, the agreement should be confirmed.

The learned justice says, in substance, that it would be grossly unjust to the second mortgage bondholders to change the payments of interest on the first mortgage bonds from currency to gold, and that the court has no authority which would permit it "to take that difference for a period of three years from the holders of the second mortgage bonds and give it to the more fortunate owners of the first, against the objections of those resisting the proceeding."

The maxim that he who seeks equity must do equity seems

Reinach agt. Meyer.

to me to apply with peculiar force to this case. It is clear, from the papers before me, that if the trustee be permitted to carry out the agreement, injustice will be done to another class of bondholders. This alone would be a good ground for the continuance of the injunction.

Second. I am of the opinion that the injunction should be continued for the reason that it is a very grave question whether the agreement of September 30, 1876, is valid.

On a preliminary motion of this character, when the facts are presented solely on the proceedings and affidavits, it is not possible to reach as satisfactory conclusions as upon a trial, but the weight of the evidence seems to be in favor of the position that the agreement made at Amsterdam, September 28, 1869, does not remain in force; but if it does remain in force, I am unable to see under which of its provisions the power is given to make an absolute extension of the time for the payment of the bonds.

Third. If the injunction should be dissolved and the trustees permitted to carry out the agreement of September 30, 1876, great and irreparable injury may be done to the plaintiff.

Fourth. The decision of the Ohio court is not controlling, and, with the views which I entertain of this case, I cannot follow it. The question is discussed by Mr. justice DANIELS so thoroughly, in the opinion just referred to, that I deem it unnecessary to do more than to say that I fully concur in the reasons which he gives for not following the decision of the Ohio court.

Fifth. As there may be a doubt whether the interest of Hodgekin and of the plaintiff can be said to be a common interest, I see no reason for making him a party to this case.

Motion to dissolve the injunction denied, with ten dollars costs.